SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAYLA MANN, | ) No. C 07-3506 PJH |
| Plaintiff, | ) |
| v. | ) **NOTICE OF MOTION AND MOTION TO DISMISS** |
| FEDERAL BUREAU OF INVESTIGATION, PHILLIP BURTON FEDERAL BUILDING | ) Date: October 24, 2007 |
| | ) Time: 9:00 a.m. |
| Defendants. | ) Ctrm: 3 (17th Fl.) |

## I. NOTICE OF MOTION

PLEASE TAKE NOTICE that the federal defendant, appearing specially, will and hereby does move pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for dismissal of the case.[1]  This motion will be heard at 9:00 a.m. on Wednesday, October 24, 2007 before the Honorable Phyllis J. Hamilton, United States District Judge, in Courtroom 3 on the 17th Floor of the U.S. Courthouse located at 450 Golden Gate Avenue, San Francisco, California.

This motion is made on the grounds that it should be dismissed with prejudice pursuant to

---

[1] Plaintiff has not complied with Rule 4(i)(2)(B), Fed. R. Civ. Proc., which sets forth how to serve a federal agency.

Motion to Dismiss
C07-3506 PJH                                              1

Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. Proc. on the ground that it is barred by the doctrine of sovereign immunity and that it fails to state a coherent claim against a federal defendant.  In light of the nature of plaintiff's allegations, the federal defendant submits that permitting her to amend her complaint will not clarify her claims and the factual basis on which they rest.

## II. STATEMENT OF RELIEF

The federal defendant requests an order under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. Proc. dismissing this action with prejudice.  It does so on the grounds that the plaintiff's complaint has not and cannot state a claim as required by Rule 12(b)(6), Fed, R. Civ. Proc.  Further, plaintiff cannot establish a waiver of sovereign immunity and the court therefore lacks subject matter jurisdiction.

## III. ISSUES TO BE DECIDED

Whether plaintiff's suit against the federal defendant should be dismissed with prejudice because there it fails to state a claim for relief and because there is no subject matter jurisdiction.

## IV. STATEMENT OF FACTS

On April 27, 2007, plaintiff Layla Mann filed a complaint for Person Injury, Property Damages, and Wrongful Death in the San Francisco Superior Court against the Federal Bureau of Investigation ("FBI"), Phillip Burton Federal Building, and Does 1 to 100.  Because the case purported to name a federal agency, it was removed to federal court.

Plaintiff's complaint ("Complaint") does not identify what her claim is against the federal agency.  The complaint is a form with checkboxes along with handwritten notes, some of which are difficult to decipher.  Generally, her complaint appears to state the following against the FBI and the Philip Burton Federal Building and/or occupants of the Phillip Burton Federal Building:

> fraud and deceit, continuous sexual harassment, assault with a deadly weapon, forcible entry, duress, malicious rivalry & competition, voyeurism, mass rape, vandalism, plagiarism, banking fraud, retaliatory & malicious duress & handicap discrimination, theft, embezzlement, counterfeiting, break & entry, breach of covenant of habitability, stalking, intentional & malicious infliction of emotional & physical pain, my injuries, entrapment, attempted marcher

Complaint ¶ 11.  She seeks $200 billion in damages. *Id.*

Despite this long list of claims, the plaintiff does not include any factual details to support her

Motion to Dismiss
C07-3506 PJH                         2

grievances.

## V. THE CASE SHOULD BE DISMISSED WITH PREJUDICE.

### A. Plaintiff Cannot State a Claim and Case Should Be Dismissed with Prejudice under Rule 12(b)(6).

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (quoting *Conley v. Gibson*, 353 U.S. 41, 45-46(1957)). In considering a motion to dismiss, the court need not accept as true allegations that contradict facts which may be judicially noticed by the court. *See Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988). Indeed, under Rule 12(b)(6), "a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1462 (C.D. Cal. 1996); *see Brown v. City of Oneonta*, 235 F.3d 769, 780 (2d Cir. 2000) (Kearse, C.J., dissenting) (arguing that under Rule 12(b)(6) facts must be taken as true "unless they are fanciful or delusionary, or ... they represent only legal conclusions."); *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (noting that a court need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited"); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6thCir. 1993) (noting that a complaint must state "more than the bare assertion of legal conclusions"); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (noting that "[d]ismissal can be base on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory"); *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976) (noting that a pleading does not adequately state a claim "if the allegations are mere conclusions"). Moreover, according to *Neitzke v. Williams*, 490 U.S. 319 (1989), a court may dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. section 1915(d) when the claim is "fantastic or delusional..." 490 U.S. at 328. *See also Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992) (where tehe complaint alleges facts that are "clearly baseless", "fanciful", or "delusional" it

may be dismissed as frivolous).

Plaintiff's complaint does not name any specific incidents or facts or dates or declarations that may support any of her own claims. The complaint consists entirely of long list of unsupported legal conclusions. In light of the fact there is a complete of lack of facts to support these claims, it is very unlikely that permitting her to amend her complaint will clarify her claims and the factual basis on which they rest. Accordingly, defendant requests that the dismissal be with prejudice.

**B.    The Case Should Be Dismissed under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction.**

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See, e.g., Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). A motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. *Id.* at 1039 n.2. *See also Tosco Corp. v. Community for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) ("When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion.")

The United States and its agencies are immune from suit except to the extent that it consents to be sued. *United States v. Mitchell* , 445 U.S. 535, 538 (1980). Plaintiff has not alleged any waiver of sovereign immunity. In light of the nature of the complaint, defendant submits that there is no manner in which she could clarify her allegations such that she could establish subject matter jurisdiction.

## VI.  CONCLUSION

The complaint has not and cannot allege a waiver of sovereign immunity and should be dismissed pursuant to Rule 12(b)(1). Moreover, the action should be dismissed with prejudice on the grounds that the complaint fails to state a coherent claim as required by Rule 12(b)(6) and that given the nature of plaintiff's allegations, allowing her to amend her complaint will not clarify her claims and the factual basis on which they rest.

Motion to Dismiss
C07-3506 PJH                                                                 4

1  Dated: August 21, 2007                    Respectfully submitted,

2                                            SCOTT N. SCHOOLS
                                             United States Attorney
3

4
                                             _____/s/_____
5                                            ILA C. DEISS
                                             Assistant United States Attorney
6                                            Attorney for Defendants

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
Motion to Dismiss
C07-3506 PJH                        5