UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAYLA MANN,

        Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATION, et al.,

        Defendants.
_____/

No. 07-3506 PJH

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND VACATING HEARING DATE**

Before the court is defendants' motion to dismiss plaintiff's complaint. Pro per plaintiff Mann has not opposed the motion and defendants have not submitted a reply.[1] Having read the papers and carefully considered the relevant legal authority, the motion is GRANTED for the reasons that follow.

## BACKGROUND

Layla Mann ("Mann") filed a form complaint pro se in San Francisco Superior Court on April 27, 2007 against defendants Federal Bureau of Investigation, Phillip Burton Federal Building, and Does 1 to 100 (collectively, "FBI"). Mann indicated on the form that the torts of personal injury, property damage, or wrongful death best described the case. Specifically, Mann asserted causes of action for "motor vehicle," "general negligence,"

---

[1] Due to lack of complete briefing by the parties, this court finds the motion appropriate for decision without further argument, as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991) (holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing), *cert. denied,* 503 U.S. 920 (1992). Accordingly, the October 24, 2007 hearing date is VACATED.

"intentional tort," "products liability," and "premises liability." Mann alleged damages from "wage loss," "loss of use of property," "hospital and medical expenses," "general damage," "property damage," and "loss of earning capacity." Mann did not, however, make any factual assertions or propose any legal theories in support of her complaint. Defendants now move to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

## DISCUSSION

A.   Legal Standard

   1.   Rule 12 (b)(1)

"It is a fundamental principle that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-969 (9th Cir. 1981). Accordingly, the burden of proof is on the party asserting subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

Additionally, "[i]t is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. Such waiver cannot be implied, but must be unequivocally expressed. Where a suit has not been consented to by the United States, dismissal of the action is required...[because] the existence of such consent is a prerequisite for jurisdiction." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (internal quotations and citations omitted). Governmental immunity protects the United States as well as its agents and officers. *See Hawaii v. Gordon*, 373 U.S. 57, 58 (1963). It is the plaintiff's burden to establish governmental waiver of sovereign immunity. *See Sopcak v. Northern Mountain Helicopter Service*, 52 F.3d 817, 818 (9th Cir. 1995).

2. Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F. 3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8. Rule 8(a)(2) requires only that the complaint include a "short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)). All allegations of material fact are taken as true. *Erickson*, 127 S.Ct. at 2000. However, a plaintiff's obligation to provide the grounds of her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S.Ct. at 1964-65 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See id.* at 1966-67.

B. Defendants' Motion to Dismiss

Here, it is impossible to discern from plaintiff's complaint the legal theories under which she seeks relief. Mann does not identify any recognizable causes of action other than legal conclusions nor does she make any factual allegations that demonstrate she is entitled to relief against the FBI. As such, Mann has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8. Moreover, the FBI is a government agency covered by the immunity enjoyed by the United

States as sovereign. *Doe v. United States*, 58 F.3d 494, 498 (9th Cir. 1995). In the complaint, Mann does not allege the basis upon which jurisdiction for suit against the FBI rests. Additionally, Mann has not alleged any waiver of sovereign immunity upon which subject matter jurisdiction might rest (e.g. Federal Tort Claims Act). Accordingly, the court hereby DISMISSES plaintiff's complaint pursuant to Rules 12(b)(6) and 12(b)(1).

The court will, however, allow plaintiff an opportunity to file an amended complaint. For that amended complaint to be successful, plaintiff must demonstrate a basis for federal subject matter jurisdiction and must allege sufficient facts from which to conclude that governmental immunity is not applicable to the instant action. In addition, plaintiff must allege separate causes of action, must state a constitutional or statutory basis for each cause of action, and must allege facts showing each defendants wrongful acts alleged in each cause of action, as well as plaintiff's harm or injury.

## CONCLUSION

The court hereby DISMISSES plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Leave to amend is granted, any amended complaint must be filed no later than **November 19, 2007**. If no timely amended complaint is filed, the case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: October 22, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge